testimony and was overruled.  This was error.  The evidence was purely hearsay and should not have been admitted.

It is also urged that the court erred in giving appellant instructions 8 and 6 as modified.  The concluding lines of those instructions, "did not have equal means of ascertaining the facts," are erroneous.  Appellant if he did not know the facts had the right to rely on representation if made to induce the trade.  On the merits of the case we think the verdict and judgment are right, but the evidence is in direct conflict.  Where the evidence is in direct conflict, the instructions must be ambiguous and accurate or the judgment will be reversed.  *Holloway v. Johnson,* 129 Ill. 367; *Junction Min. Co. v. Goodwin,* 109 Ill. App. 144.  For the errors indicated, the judgment will be reversed and the case remanded for a new trial.

*Reversed and remanded.*

---

## Maggie M. Hidden, Appellee, v. William K. Baker, Jr., Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Moultrie county; the Hon. WILLIAM G. COCHRAN, Judge, presiding.  Heard in this court at the April term, 1914.  Affirmed.  Opinion filed October 16, 1914.

### Statement of the Case.

Action by Maggie M. Hidden against William K. Baker, Jr., to recover damages for injuries suffered by her as a result of a conspiracy entered into by the defendant with others to commit a criminal assault upon plaintiff.  The defendant was sued alone.  The plea was the general issue.  Plaintiff had verdict and

judgment for one thousand dollars. To reverse the judgment, defendant appeals.

The errors assigned by defendant were the rulings of the court as to admission and rejection of evidence, the giving and refusing of instructions and that the damages were excessive.

The evidence showed that defendant and others after drinking intoxicating liquors went to the home of plaintiff and her husband after midnight and called for plaintiff's husband to come out to the road where defendant's companions were; that plaintiff's husband went out to where they were and while he was talking to them the defendant entered plaintiff's bedroom and made an assault upon plaintiff.

JAMES W. and EDWARD C. CRAIG and JACK & WHITFIELD, for appellant.

E. J. MILLER, for appellee.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

## Abstract of the Decision.

1. ASSAULT AND BATTERY, § 22*—*when damages for wilful and wanton assault not excessive.* In an action to recover damages for an assault on a married woman at her home in the nighttime, where such assault was wilful and wanton and the result of a conspiracy, a judgment for one thousand dollars *held* not excessive.

2. DAMAGES, § 96*—*when exemplary damages recoverable without proof of actual damages.* Where an assault is wilful and wanton it is not necessary to prove actual damages in order to recover exemplary damages.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.